May it please the court, my name is Steve Green, I represent the appellant Lanny Gribble. Before the court is an issue of law, but before we get to the issue of appeal there is a pending motion which must be resolved along with the appeal. Here the appellee filed a motion to strike the brief and affirm the trial court's ruling. I think we took that with the case, that's correct. If you want to address it, go ahead. Briefly, I would simply suggest that all of the cases cited by the defendant touches upon matters of evidential findings. I agree with the appellee that issues involving the evidence at trial, the findings of fact by the judge must be construed against the appellant in this case. The issue that the appellant brings before this court is whether or not the trial court erred in this finding that the denial of the plaintiff's complaint because the court determined the defendant's actions did not constitute a trespass because the defendant was attempting to do trespass maintenance. That can be found on the record on the field at A10 and A5. In this particular case, the plaintiff filed… What is A10 and A5? Is that your complaint? The complaint is at A10 and the decision of the court where I was quoting the language of the court is A5. Okay, the argument. In this particular case, the plaintiff brought an action claiming that the defendant trespassed against his property by cutting down some trees. The defendant, in his answer, denied that he cut down any trees and denied that he trespassed. The court, at a hearing, made a determination. At the time that the defendant filed his answer, no affirmative defense was pled at that time. The court made a determination that the defendant did not, his actions did not constitute a trespass because what he was doing was fencing maintenance underneath the act, the fencing act between two landowners. In this particular case, that was an issue brought by the court. It was never raised by the defendant in his pleadings. Because of that issue, it is the appellant's contention that it is wrongful for the court to determine that that act bars recovery under this act. You think it even applies? Defense act or an action for trespass? It was a small thing for trespass, is that right? Yes, Your Honor. And damages? Yes, Your Honor. I would say no. However, in order for me to make that statement, I think that that would require some evidence that is not before the court. Here, the defendant denies he cut the trees. All that we know from the record is that the defendant did some action that the court said, well, even though he did that action, that is, in fact, not a trespass because of this act. If the court applies the act in its totality, it is the appellant's contention that the act would not constitute a defense to a trespass if, in fact, an activity was done that trespassed against the property of another. Here, the court said, well, these actions aren't going to rise to the level of trespass because he's doing maintenance. The maintenance aspect underneath the tree, excuse me, I'm worried about another case that I'm doing on a field. The activity of the defendant here dealing with his fence, the maintenance of it is a different animal. When you deal with a common law trespass action, if you're going to use the statutory rule to overturn your liability, you have to strictly construe and strictly follow that act. Here, that was not done. The act is before the court as the appellee has brought it to the court's attention, indicating that there are certain activities that must be done. That wasn't done in this case. Because of that, because there was no affirmative defense raised, we believe that this court should reverse the case back to the trial court. Okay, thank you, counsel. Counsel? May it please the court, good morning. Good morning. Counsel, we disagree. We think that with the facts that were presented in this case We will assume you disagree since you're both here. Judge Moore, I had a chance to see all the facts presented at trial. I apologize, I personally was not there to try this case with Judge Moore. Judge Moore didn't say that the fence act itself was something that took the activity that the defendant did outside the realm of trespass. He just noted that it was the law that applied. You think it applies? Do you think it applies, the fence act? Yes. It's a fence between two property owners that was being maintained. But the action wasn't to determine where the fence was or that it needed repair. It was to cut trees. That was the action for trespass, to cut trees, right? No, it was, well, the activity that was done by the defendant was fence maintenance. So I do believe that it would fall under the defense act. The trespass was brought under the premise of you've destroyed ornamental trees within the fence row. But on its face, it was fence maintenance. Whether or not he was actually doing wire cutting or post maintenance, it was fence maintenance because the, I forget what they call them, trash trees, you know, can cause damage to the fence itself. So whether or not the fence act applies, the trial court found that the defendant was not trespassing but was merely trying to maintain the fence. That is correct, Your Honor. We feel that on the face, Judge Moore was in a better position to make that decision. That Judge Moore, in a bench trial, in a small claims hearing, is not kept from applying the laws. It doesn't make sense to the facts he's given. I feel like the decision he made was a good one that should stand. Thank you. What was the plaintiff caught by surprise? I mean, it looks like this entirely came from the trial judge. The fact that the Fence Act may or may not apply. That was something that I believe came from Judge Moore. Judge Moore happened to have personal knowledge. He happens to have horses and fences, and so he was well aware of exactly what we were dealing with, and I think he applied the laws and knew it. There was a motion to reconsider filed, and Mr. Price was brought up and ruled on by the judge. Yes. And again, if I need to, I don't feel like it was an affirmative defense argument needed to be made because the facts of the case, which you're not privy to, were that my defendant denied the whole time that there was any trespass or any unlawful cutting of trees of the petitioner or plaintiff anyway. So I don't know that that was necessarily needed to be raised. We denied all allegations at the time. Judge Moore just applied the law as he saw fit to the fence. Okay. Thank you, counsel. Any rebuttal, counsel? This is not a case in which the judge said, gee, there's no trespass. You didn't go on to somebody else's property. That's not what Judge Moore ruled. Judge Moore said, in this particular case, because there's a fence between him and there was some testimony that Judge Moore believed that the activities he was doing was maintenance of the fence, that act applies. And because he was doing something under that act, there's no trespass. That's what he ruled. Here, I do believe it's important to note that it is something that the judge raised.  I think we could have gone into some of the issues as to whether or not that act applies to a trespass in the first place, whether or not there would have been any evidence as to his compliance with the strict requirements of that act in the first place. Because the judge raised this on his own, it is unfair. He was acting as an advocate and not really making a determination of a judge. So it is that reason we ask that the case be reversed. He ultimately found that plaintiff did not meet burden of proof and enters judgment. So he brings himself back to a finding you did not reach your burden of proof. And you also brought it up in your post-trial motion and were allowed to address it at that time before the trial judge, fully aware of why he ruled. At that time, you weren't surprised. No, you're right. But at that time, I had no opportunity to present evidence as to whether or not there would have been a notice as required under that statute between the two landowners in the first place. No evidence. If he had given us a motion to reconsider, I would have brought all those things out and then perhaps given an opportunity to address those issues. What prevents you in a motion to reconsider from attempting to make an offer of proof or something else? What prevents you from doing that? As the record indicates, there was no hearing. The judge made a decision on his own without any kind of hearing. It would not have been an opportunity for me to do anything without questioning a witness as to whether or not they sent the notices that would have been required. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. We're adjourned.